## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FREDERICK L. BURROWS,

      Petitioner,

v.                                                Case No: 8:15-cv-01576-24TGW
                                                        8:11-cr-00578-24TGW

UNITED STATES OF AMERICA,

      Respondent.

_____

### ORDER

      This cause comes before this Court on Petitioner Frederick Burrows's motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255. (Cv. Dkt. 1).  The government filed a response in opposition (Cv. Dkt. 5), to which the Petitioner filed a reply (Cv. Dkt. 12).

### I.    BACKGROUND

      A four-count indictment charged Petitioner with two counts of possession of a firearm and ammunition by a convicted felon, one count of possession of marijuana, and one count of possession of marijuana with intent to distribute.  Petitioner went to trial, and the jury found Petitioner guilty of three of the four counts, including both counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e), as well as one count of possession of marijuana in violation of 21 U.S.C. § 844(a).  (Cr. Dkt. 39; Cr. Dkt. 111 at 1).  The Court sentenced Petitioner to 180 months imprisonment on January 9, 2013 (Cr. Dkt. 111).  Petitioner filed a direct appeal, and the Eleventh Circuit affirmed on May

21, 2014. (Cr. Dkt. 152 at 10). Petitioner file his § 2255 motion on July 6, 2015. The motion is timely.

## II. CLAIMS

Petitioner alleges seven ineffective assistance of counsel claims as grounds for relief in his § 2255 motion. First, Petitioner claims that trial counsel was ineffective for failing to object at trial and at the suppression hearing to a confrontation clause and hearsay violation that occurred when Corporal Pruitt testified as to Sergeant Harris's statements. (Cv. Dkt. 1 at 4). Second, Petitioner claims that trial counsel was ineffective for failing to move for severance of the superseding indictment's counts since the counts occurred on different dates. (Cv. Dkt. 1 at 5). Third, Petitioner claims that trial counsel was ineffective for failing to object to the nature of Petitioner's prior offenses as stated in the indictment. (Cv. Dkt. 1 at 6). Fourth, Petitioner claims that trial counsel was ineffective for failing to object on grounds that removal of jury instructions that stated prior convictions were not to be used as evidence violated Petitioner's Sixth Amendment right to a fair trial. (Cv. Dkt. 1 at 8). Fifth, Petitioner claims that appellate counsel was ineffective for failing to raise the issue that the District Court erred when it interfered with Petitioner's theory of defense and invaded the jury's fact-finding process. (Cv. Dkt. 1 at 10). Sixth, Petitioner claims that trial counsel was ineffective for failing to call witnesses to testify on his behalf. (Cv. Dkt. 1 at 12). Finally, Petitioner claims that trial counsel was ineffective for failing to object to this Court's use of the modified *Allen* charge.

## III. DISCUSSION

Ineffective assistance of counsel claims under § 2255 are governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The burden is on the Petitioner to prove both prongs. *Id.* at 687. First, Petitioner must show that his counsel's performance was

deficient by identifying specific acts or omissions that fall outside the range of competent assistance viewed in light of all the circumstances. *Id.* at 690. Second, Petitioner must prove that he was prejudiced by the ineffective assistance so that the results of the trial cannot be trusted. *Id.* at 687. If Petitioner does not prove one of these prongs, this Court need not address the other prong. *Id.* at 697. The standard for judging counsel's performance is a deferential one in that Petitioner must prove that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the Defendant by the Sixth Amendment." *Id.* at 687.

### A. Trial counsel was not ineffective for not objecting to Corporal Pruitt's testimony based on hearsay and confrontation clause grounds.

Petitioner claims that his trial counsel was ineffective because counsel failed to object to Corporal Pruitt's testimony on the grounds of a violation of the Sixth Amendment to the United States Constitution's confrontation clause and hearsay. Petitioner specifically refers to Corporal Pruitt's testimony that Sergeant Harris relayed Burrows's license tag number over the radio to other law enforcement personnel when he testified, "I actually gave it [the tag number] to my sergeant, who relayed it to the rest of our squad." (Cr. Dkt. 138 at 156). Hearsay is an out of court statement that is offered to prove the truth of the matter asserted within the statement. Fed. R. Evid. 801(c)(1-2). The statement at issue is not hearsay because it was not offered to prove the truth of the matter asserted; rather, this statement was offered to explain why Tampa Police Department officers were on the look out for a car with a particular tag number. Burrows is correct that his counsel did not object on grounds of hearsay; however, since the statement was not hearsay, counsel did not have grounds for objection. Therefore, Petitioner does not meet the burden set forth in *Strickland* for deficient performance.

Petitioner also argues that he had the right to confront Sergeant Harris, who did not testify at the suppression hearing or at trial about the evidence regarding the tag number. However,

Corporal Pruitt did testify and was available for cross-examination regarding the tag number and it was Corporal Pruitt who gave the tag number to Sergeant Harris in the first place. Petitioner has not shown that he was prejudiced by not being able to cross-examine Sergeant Harris. Therefore, Petitioner has not shown trial counsel was ineffective for failing to object to a violation of the confrontation clause, nor has he shown prejudice as required under *Strickland*.

**B.     Trial counsel was not ineffective for failing to move for severance of counts.**

Petitioner argues that he was denied a fair trial where the offenses in counts one and two were tried with those in counts three and four because they were committed on different dates. Petitioner also claims that counsel failed to interview a witness that would have testified that the parking lot was free parking, not pay to park, when the club is not full; information that could have led to severance at the discretion of the Court. (Cv. Dkt. 2 at 10). The Court fails to understand the relevance of the second argument so will not address it further.

Although the date of counts one and two differed from the date of counts three and four, the offenses were of the same or similar character. Fed. R. Crim. P. 8(a) governs joinder of offenses. It provides that the indictment may charge a defendant in separate counts with 2 or more offenses if the offenses are of the same or similar character. It is unnecessary for the transactions to "arise at the same time or out of the same series of acts or transactions." *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). Here Petitioner was charged with possession of a firearm and ammunition by a convicted felon in counts one and three and a drug offense in counts two and four. Therefore, joinder of counts is appropriate in this case. Pursuant to Fed. R. Crim. P. 14(a), the Court may sever the offenses and order separate trials if joinder prejudices a defendant. Petitioner, however, has not shown he was prejudiced by joinder of the counts. For relief due to incorrect joinder, Petitioner must not only prove that joinder of claims

4

was inappropriate, but also that he suffered prejudice, which cannot be shown by conclusory allegations. *United States v. Slaughter*, 708 F.3d 1208, 1213 (11th Cir. 2013). Petitioner only makes a conclusory allegation that the jury was confused and unable to evaluate each offense separately, resulting in an unreliable verdict. (Cv. Dkt. 2 at 10). However, this is a conclusion that Petitioner fails to support. In addition, the Court instructed the jury that it was to consider each count and the evidence related to it separately. (Cr. Dkt. 139 at 152–53). Absent compelling evidence from the record, the presumption is that the jury followed the instruction. *United States v. Barsoum*, 763 F.3d 1321, 1337 (11th Cir. 2014). The fact that the jury returned a verdict of guilty on counts one, two, and three, but returned a verdict of not guilty as to count four of the indictment is further evidence that the jury was able to successfully differentiate between the crimes. Petitioner has not shown that his counsel was ineffective for failure to move for severance nor has he shown that he was prejudiced by the failure.

> **C.**    **Trial counsel was not ineffective for failing to object to the superseding indictment containing his prior convictions being given to the jury or failing to object to the omission of a jury instruction that the jury could not consider his prior convictions.**

Petitioner first claims that trial counsel was ineffective for failing to object when the superseding indictment, which included Petitioner's prior convictions, was given to the jury without the convictions being redacted. However, this claim is simply false, because the Court redacted the prior convictions from the superseding indictment, before presenting the indictment to the jury. Petitioner's claim as to this point is incorrect and without merit. Therefore his counsel was not deficient for failing to object nor was Petitioner prejudiced.

Second, Petitioner claims that the jury should have been instructed not to consider the fact that he was a convicted felon in reaching its verdict. However, the fact that Petitioner is a convicted felon is an essential element of the crime of felon in possession of a firearm, and telling

the jury they cannot consider the fact would be an incorrect instruction in the law. Eleventh Circuit pattern instructions Basic 6.4 and 6.6 explicitly consider this, and state that "the last sentence of this instruction should not be given if evidence of a Defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged." 11th Cir. Pattern Jury Instruction Basic 6.4 & 6.6 (2010). Trial counsel was not ineffective for failing to object to a proper jury instruction.

      **D.**      **Appellate counsel was not ineffective for failing to argue that the Court interfered with Petitioner's theory of defense.**

Petitioner claims that the Court's statement to the jury during closing arguments interfered with Petitioner's theory of defense — that Petitioner was not guilty of counts one and three because he did not knowingly possess the firearm and ammunition.

Defense counsel's closing argument strongly suggested to the jury that the "knowingly" element to be proved by the prosecution meant that the government had to prove the defendant was in knowing violation of the law. Counsel argued as follows: "[a]nd when he says, I thought it was ok for that weapon to be there as long as I didn't own it, and there's no proof to the contrary from the government, I think that you have to say that they've not carried the day on that" (Cr. Dkt. 139 at 135: 5–9), and also argued that, "he has to act knowingly in possession of that firearm. He has to know that by possessing that firearm, that he is somehow in violation of the law." (Cr. Dkt. 139 at 130: 1–4). After counsel's argument, the Court gave a cautionary instruction to the jury in an effort to clarify the *mens rea* element that must be proven. The Court advised the jury as follows: "They do not have to prove that he knew by possessing the firearm that he was somehow in violation of the law. They have to prove only that he knowingly possessed the firearm, not that he knew he was in violation of the law." (Cr. Dkt. 139 at 139). The Court's instruction was a correct statement of the law and did not interfere with Petitioner's

theory of defense that Petitioner did not knowingly possess the firearm by being in the car with the firearm or being in the same house with the ammunition. As such, appellate counsel was not ineffective for failing to raise this issue on appeal.

### E.     Trial counsel was not ineffective for failing to call witnesses.

Petitioner argues that counsel was ineffective for failing to call two witnesses, Tony Riggin and David Bell, and more specifically for failing to adequately investigate the case by interviewing the two witnesses in order to make a reasonable decision as to whether they should be called to testify. (Cv. Dkt. 2 at 23). Under *Strickland*, counsel must either reasonably investigate or determine an investigation unnecessary. *Strickland*, 466 U.S. at 691. Petitioner has not submitted any evidence to show what investigation was not performed, nor has he submitted an affidavit from Tony Riggin or David Bell stating they would have testified and what they would have testified to had they been called.

Petitioner asserts that these witnesses would have testified that the parking lot where Petitioner was parked was free of cost at the time, contradictory to Corporal Pruitt's testimony at the suppression hearing that he found it suspicious that Petitioner left the parking lot so quickly after paying to park. These facts would not have changed the outcome of the Motion to Suppress or the trial. It was early in the morning, it was a high crime area, Petitioner's car was parked away from all others, he stayed in his car, he acted in a way that was consistent with rolling a marijuana cigarette, and he deliberately departed upon seeing the officers. (Cr. Dkt. 152 at 7). The presence of reasonable suspicion does not turn on whether or not the lot was a pay lot. Therefore, Petitioner has not shown he was prejudiced by trial counsel's failure to call the two witnesses.

**F.     Trial counsel was not ineffective for failing to object to this Court's giving an *Allen* Charge.**

The Petitioner claims that two *Allen* charges were given; however he is mistaken, one *Allen* charge was given.  The *Allen* charge given by the Court was the Eleventh Circuit pattern instruction.  These pattern instructions have been repeatedly upheld, and have not been deemed prejudicial.  *See United States v. Dickerson*, 248 F.3d 1036, 1050 (11th Cir. 2001); *United States v. Bush*, 727 F.3d 1308, 1320–22 (11th Cir. 2013).  Therefore, it was reasonable that counsel did not object to this Court's use of the pattern instruction, and Petitioner has not shown that the Court's giving the instruction prejudiced him.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Petitioner's § 2255 motion is Denied.  The clerk is directed to enter judgment in favor of the United States in the civil case and close the case.

### <u>CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</u>

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not

made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of November, 2015

SUSAN C. BUCKLEW
United States District Judge

Copy: Frederick Burrows, pro-se